

JUDGE ENGELMAYER 14 CV 7741

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TYISHA SIVELS,

                          Plaintiff,

          -against-

                                                    **COMPLAINT**

THE CITY OF NEW YORK, NYPD SERGEANT             **JURY TRIAL**
BOLIVAR POU SHIELD # 4130, NYPD OFFICER(S)      **DEMANDED**
JOHN DOES #1-10 (THE NAME(S) JOHN DOE BEING
FICTITIOUS AS THE REAL NAME(S) IS ARE
CURRENTLY UNKNOWN),
                          Defendants.
------------------------------------------------------------------X

          The Plaintiff, complaining by her attorney(s), THE LAW OFFICE OF ANDREW L.

HOFFMAN, P.C., respectfully shows to this Court and alleges:

## INTRODUCTION

1.        This is an action to vindicate the rights of Tyisha Sivels, an 18 year old youth worker

who was brutally assaulted and wrongfully arrested by New York City police officers while

attending New York City's 2013 Gay Pride Parade.

2.        Ms. Sivels, who was 17 at the time and had no arrest record, was directed by Officer John

Doe to intervene in a verbal dispute between Defendant Pou and an acquaintance; when Ms.

Sivels complied, Officer Doe attacked the 5'4, 110 pound teen, twisting her arm, throwing her to

the ground and repeatedly punching her about the body while cursing at her.

3.        Ms. Sivels was then arrested on charges of disorderly conduct and taken to the 6th

Precinct where she was written a desk appearance ticket by Defendant Pou and released; on the

day Ms. Sivels was to appear before a judge, she was informed by the clerk that the case had

already been dismissed.

4.     The individual Defendants in this case are now being sued for their respective roles in the violation of Ms. Sivels' rights.

5.     The City of New York is being sued for failing to properly train, supervise, and/or discipline New York City police officers, and for continuing to tolerate and defend a widely publicized departmental culture of willful indifference toward the rights of citizens.

## JURISDICTION

6.     Jurisdiction is founded upon the existence of a Federal Question.

7.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Section 1983 and arising under the law and statutes of the State of New York.

8.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under the color of law, statute, ordinance, regulation, custom and usage of rights, privileges and immunities secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## VENUE

9.     Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Southern District.

## THE PARTIES

10.     At all times relevant to this litigation, Plaintiff TYISHA SIVELS was a resident of Bronx County, New York.

2

11.     Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12.     Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, its agents, servants, and employees, operated, maintained and controlled the New York City Police Department, including all the police officers thereof.

13.     Upon information and belief, at all times hereinafter mentioned, Defendants POU and POLICE OFFICER(S) DOE #1-10 were employed by the Defendant CITY OF NEW YORK, as members of its police department.

14.     Upon information and belief, at all times hereinafter mentioned, Defendant Pou worked out of the 6th precinct in New York, New York; Defendant John Doe's assignment location is currently unknown.

15.     The New York City Police Department is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the police chief of the New York City Police Department is responsible for the policies, practices, and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, and is the final decision maker for that agency.

16.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under

federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, the rights guaranteed by the Constitution, and the laws of the State of New York.

17.    Individual Defendants in this action are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

18.    The claim arose on June 30, 2013 at about 6:00PM, near the intersection of West 10th Street and Pier 45, New York, NY.

19.    On said date, Tyisha Sivels, who was 17 at the time and had never been arrested, was conversing with some friends following New York City's Gay Pride parade.

20.    Suddenly NYPD Defendant Doe (possibly a sergeant, late 40s, male Caucasian, blond hair) approached Miss Sivels and alerted her to the fact that one of her friends appeared to be having a verbal dispute with another officer, Defendant Pou, nearby.

21.    The officer directed Ms. Sivels to approach the parties and attempt to diffuse the situation.

22.    As Ms. Sivels approached the parties, she noted that Defendant "Pou" had grabbed her friend by the forearms roughly.

23.    Doing her best to comply with Officer Doe's directive and bring calm to the situation, Ms. Sivels gently put a hand on the arm of Defendant Pou, and the other on the arm of her friend, in a peacemaking gesture.

24.    Inexplicably, Officer Doe suddenly pounced on the 5'4, 110 pound Ms. Sivels, twisting her left arm behind her back, grabbing her by the neck, and viciously slamming her to the ground.

4

25.     While Ms. Sivels was down, unable to move and not attempting to resist in any way, the officer repeatedly punched Ms. Sivels in the right arm, yelling, "You want to fuck with me? You want to fuck with me?"

26.     Officer Doe then lifted Ms. Sivels to her feet violently, and threw handcuffs on her that were painfully and unnecessarily tight. When Ms. Sivels complained about the cuffs, the officer refused to loosen them.

27.     Ms. Sivels was then taken to the 6th Precinct in a van, and forced to remain there for approximately one hour before Defendant Pou issued her a summons for Disorderly Conduct and released her.

28.     On or about September 11, 2013, Ms. Sivels' case was summarily dismissed prior to her having to appear before a judge to answer the bogus charge.

29.     Ms. Sivels suffered a severe neck and back sprain as a result of assault and wrongful arrest, as well as contusions to her arm, wrist tenderness, and emotional injuries.

30.     Ms. Sivels has required prescription pain medication to manage her ongoing pain, as well as physical therapy.

31.     Ms. Sivels continues to suffer the physical and emotional effects of her terrible experience to this day.

### AS AND FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST
### THE CITY OF NEW YORK AND "JOHN DOE" NYPD DEFENDANT

### Violation of Constitutional Rights Under Color of State Law
### -Excessive Force-

32.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 31.

5

33.    The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement from utilizing excessive force to effect an arrest.

34.    The actions of the Defendant Officer John Doe as stated herein were objectively unreasonable and excessive, and violated the rights of Tyisha Sivels under Federal law.

35.    It is clear the Defendants lacked any objectively reasonable basis to justify the force used against the Plaintiff in light of the facts and circumstances.

36.    Plaintiff was brutalized absent any objectively reasonable analysis of the severity of the crime at issue, whether the Plaintiff posed an immediate threat to the safety of the officers or others, or whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight.

37.    Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of Tyisha Sivels.

38.    This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

39.    As a direct and proximate result of the unconscionable acts described above, Plaintiff Tyisha Sivels has been substantially injured.


## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST THE CITY OF NEW YORK AND ALL NAMED NYPD DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -False Arrest/Imprisonment-

40.    Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 39.

41.     The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibit law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization.  It also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

42.     The actions of the Defendants as stated herein violated Tyisha Sivels' rights under Federal law.

43.     It is clear the Defendants lacked any objectively reasonable basis to support a legitimate probable cause arrest.

44.     Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of Tyisha Sivels.

45.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

46.     As a direct and proximate result of the unconscionable acts described above, Plaintiff Tyisha Sivels has been substantially injured.


## AS AND FOR THE THIRD CAUSE OF ACTION
## ON BEHALF OF THE PALINTIFF AGAINST THE CITY OF NEW YORK AND ALL NAMED NYPD DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Malicious Prosecution-

47.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 46.

48.     The Fourth Amendment of the United States Constitution protects citizens from overzealous and malicious prosecution by government officials without probable cause.

7

49.     Tyisha Sivels was arrested, detained, and prosecuted via the issuance of a Desk

Appearance Ticket forcing her to appear in court some two months after her June 30, 2013 arrest,

as set forth herein.

50.     Said charges resulted in a loss of liberty for Ms. Sivels, as he was forcibly detained at the

6th Precinct as a result of the aforedescribed false and improper charges, and incurred substantial

damages as a direct result.

51.     Ms. Sivels' criminal proceeding was terminated in favor of Ms. Sivels, as the charges in

question were dismissed outright.

52.     Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to

the rights of Tyisha Sivels.

53.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983,

given that said actions were undertaken under color of state law.

54.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff

Tyisha Sivels has been substantially injured.


## AS AND FOR THE FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST THE CITY OF NEW YORK AND ALL
## NAMED NYPD DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Failure to Intercede-

55.     Plaintiff incorporates by reference and realleges each and every allegation stated in

Paragraphs 1 through 54.

56.     The Fourth Amendment of the United States Constitution protects citizens from

unreasonable searches and seizures by government officials, including the unreasonable use of

force to effect a wrongful arrest.

8

57.     The actions of Defendant officers detailed above violated the Plaintiff's rights under the United States Constitution.  It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

58.     Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of the Plaintiff.

59.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

60.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff Tysiha Sivels has been substantially injured.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## AGAINST THE CITY OF NEW YORK

**- Implementation of Municipal Policies, Practices, and Customs that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees Under Color of State Law-**

61.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 60.

62.     Upon information and belief, Defendants City of New York and John Doe #1-10 supervised, directed, and otherwise sanctioned the wrongful conduct of other Defendant Pou and John Doe officer(s).

63.     Upon information and belief, Defendants City of New York, Pou, and John Doe #1-10 were supervisors and final decision makers, and as a matter of policy, practice, and custom, have acted with a callous, reckless and deliberate indifference to the Plaintiff's constitutional rights and laws of the United States, in that they failed to adequately discipline, train, supervise or

9

otherwise direct police officers concerning the rights of citizens, including the use of excessive force, not making false arrests, and prosecuting innocent individuals.

64.     In the alternative, and upon information and belief, Defendants instituted policies addressing the topics listed above, but through deliberate indifference to the same culture of gross negligence, carelessness, and malice, and/or improperly pressuring officers to meet certain arrest quotas regardless of whether probable cause was present, demonstrated a willful indifference to the constitutional rights of the Plaintiff. The policies, procedures, customs and practices of the Defendants violated the Constitutional rights of the Plaintiff under the Fourth Amendment of the United States Constitution.

65.     It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the clearly established constitutional rights of citizens from infringement by other law enforcement officers in their presence.

66.     At all times relevant herein, the right to be free from deprivations of liberty interests caused by unjustifiable criminal charges and procedures were clearly established constitutional rights that a reasonable person would have known.

67.     The New York City Police Department has a long and troubling history regarding the use of excessive force, including, most notably in recent times, the fatal choking death of Eric Garner.[1]

68.     The New York City Police Department likewise has a troubling history regarding contempt toward peaceful participants in New York City's annual Gay Pride Parade. As former

---

[1] Man's Death After Chokehold Raises Old Issue for the Police, July 18, 2014, New York Times, available at http://www.nytimes.com/2014/07/19/nyregion/staten-island-man-dies-after-he-is-put-in-chokehold-during-arrest.html?_r=0.

Councilwoman, now Manhattan Borough President Gale Brewer observed[2] following the 2011 celebration, ""It is the abuse of discretion, a pattern of needless and angry over-reaction, an attitude of contempt and insult toward both elected officials and private citizens, and an apparent license among the rank and file of the NYPD to act inappropriately and insultingly whenever they choose.  If officers feared being disciplined, they would not behave in these ways."

69.     In or about July of 2013, the Kings County District Attorney's Office announced the formation of an unprecedented panel[3] of former prosecutors, professors, and retired judges to review as many as 50 convictions involving a former Kings County detective, Louis Scarella, who is alleged to have regularly sought false statements from witnesses, and whose work appears to have sent an array of innocent citizens to prison.

70.     Long time Kings County District Attorney Charles Hynes was recently voted out of office amidst widespread[4] allegations of misconduct.

71.     Upon information and belief, former Kings County Detective, Michael Race, whose work has also been linked to the conviction of innocents, has been quoted in press[5] accounts as stating that of the 750 murder investigations he ran, only one was "done the correct way, A to Z."

72.     In 2011, some two-dozen Bronx-based NYPD officers were subject to criminal charges[6] involving allegations of "fixing" tickets for friends and relatives.

---

[2] Livid Councilwoman Blasts NYPD for Conduct at Gay Pride Parade, October 11, 2011, Gotamist, available at http://gothamist.com/2011/10/04/councilwoman_brewer_had_her_own_run.php.
[3] Panel Named to Review Trial Convictions Involving Retired Brooklyn Detective, July 2, 2013, Brooklyn Daily Eagle, available at http://www.brooklyneagle.com/articles/panel-named-review-trial-convictions-involving-retired-brooklyn-detective-2013-07-02-180000
[4] See e.g., Charles Hynes, Scandal-Plagued District Attorney, Faces Verdict at the Polls, ProPublica, September 6, 2013, available at http://www.huffingtonpost.com/2013/09/06/charles-hynes-brooklyn-district-attorney-election_n_3881395.html; Brooklyn DA Charles Hynes in the Hot Seat for Protecting Prosecutor Who Imprisoned Innocent Man, New York Daily News, November 16, 2012, available at http://www.nydailynews.com/new-york/b-klyn-da-charles-hynes-hot-seat-wrongful-conviction-article-1.1203342; Ex-Brooklyn Prosecutor Charles J. Hynes Accused of Misues of Funds, New York Times, available at http://www.nytimes.com/2014/06/03/nyregion/charles-hynes-brooklyn-district-attorney-inquiry.html.
[5] See e.g., In a 1992 Murder, Evidence of Flawed Justice, July 4, 2013, New York Times, available at http://www.nytimes.com/2013/07/05/nyregion/in-a-1992-murder-evidence-of-flawed-justice.html

11

73.     Upon information and belief, in July of 2012, after discovering that many people arrested on charges of criminal trespass at Bronx County housing projects were innocent, even though police officers had provided written statements to the contrary, the Bronx district attorney's office quietly adopted a policy[7] of no longer prosecuting people who were stopped at public housing projects and arrested for trespassing, unless the arresting officer was interviewed to ensure that the arrest was warranted.

74.     On February 2, 2012, officers from the 47th Precinct in the Bronx wrongfully entered the home of 18 year old Ramarley Graham and shot the unarmed youth to death in his bathroom as he was allegedly trying to flush a small quantity of marijuana down the toilet.

75.     On June 27, 2011, former Bronx-based N.Y.P.D police officer and later Sergeant William Eiseman pled guilty to one count of felony first-degree perjury and three counts of official misconduct stemming from allegations that he personally filed false instruments, intentionally testified falsely, and encouraged his subordinates to act in kind.

76.     In August of 2013, federal Judge Shira A. Sheindlin of the Southern District of New York found[8] that the New York City Police Department resorted to a "policy of indirect racial profiling" as officers routinely stopped "blacks and Hispanics who would not have been stopped if they were white."  The Plaintiff in this case is African American, and has alleged being the target of racial epithets while being assaulted by Defendant Eiseman, who is Caucasian.

---

[6] See Big Inquiry Into Ticket-Fixing in New York, New York Times, April 17, 2011, available at http://www.nytimes.com/2011/04/18/nyregion/ticket-fixing-by-police-investigated-in-new-york.html?_r=0&adxnnl=1&adxnnlx=1400166713-OlwMCl6A6jnLyJC00DdeoQ
[7] Prosecutor Deals Blow to Stop and Frisk Tactic, New York Times, September 25, 2012, available at http://www.nytimes.com/2012/09/26/nyregion/in-the-bronx-resistance-to-prosecuting-stop-and-frisk-arrests.html?pagewanted=all
[8] Judge Rejects New York's Stop and Frisk Policy, August 12, 2013, New York Times, available at http://www.nytimes.com/2013/08/13/nyregion/stop-and-frisk-practice-violated-rights-judge-rules.html?pagewanted=all

77.     Mayor Bill De Blasio ran his winning campaign[9] in substantial part on the need for "much needed reforms," with the NYPD, calling for "new leadership," the appointment of an "inspector general," to oversee the NYPD, and the introduction of a "strong racial profiling bill."

78.     The nature, regularity, and scale of such revelations, and the extraordinary efforts being undertaken in response to a highly publicized slew of wrongful convictions, gives rise to an inference of systemic incompetence and corruption on the part of the New York City Police Department, as such a widespread legacy of injustices cannot plausibly be laid at the feet of a few rogue officers.

79.     Defendant(s) also, upon information and belief, demonstrated deliberate indifference to the rights of those arrested in the City of New York by failing to adequately hire, screen, train, and supervise officers assigned to patrol the New York City Gay Pride Parade.

80.     The policies, procedures, customs and practices of the above-referenced Defendants violated the Constitutional rights of the Plaintiff under the Fourth, and Fourteenth Amendments of the United States Constitution.

81.     This conduct on the part of Defendants also represents a violation of 42 U.S.C § 1983, given that said actions were undertaken under color of state law.

82.     Upon information and belief, none of the Defendants named herein were disciplined in for their actions relative to the Plaintiff; in fact, Defendant Pou has since been promoted to the rank of sergeant.

83.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff Tyisha Sivels has been substantially injured.

---

[9] See Bill DeBlasio campaign website @ http://www.billdeblasio.com/issues/crime-fighting-public-safety

## STATE CLAIMS

84.     Notice of the Plaintiff's claim, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Comptroller of the City of New York on September 24, 2013.

85.     Ms. Sivels sat for a 50h hearing pursuant to her claim on November 18, 2013.

86.     More than 30 days have elapsed since the Notice of Claim was served upon the Defendant City of New York and said defendant has neglected to initiate any settlements thereof.

87.     This action is commenced within One Year and Ninety-Days after the cause of action arose.

88.     At all times relevant to the state claims cited herein, Defendant officers were acting in the scope of their employment, as agents of the City of New York.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST THE CITY OF NEW YORK AND "JOHN DOE" NYPD DEFENDANT

### -Assault and Battery-

89.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 88.

90.     As set forth above, Defendant John Doe committed assault and battery on Plaintiff by causing Plaintiff to be in apprehension of imminent, harmful and offensive contact, and in fact, making harmful and offensive contact with the Plaintiff;  in so doing, Defendant Doe violated Plaintiff's rights under New York law.

91.     As a direct and proximate result of Defendant Doe's actions, the Plaintiff has been substantially injured.

14

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

### -Negligent Infliction of Emotional Distress-

92.     Plaintiff incorporates by reference and reallege each and every allegation stated in

Paragraphs 1 through 91.

93.     As a direct and proximate result of the Defendants' outrageous departure from accepted

standards of care, Plaintiff was caused to suffer severe emotional distress.


## AS AND FOR THE EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## AGAINST ALL NAMED NYPD DEFENDANTS

### -Intentional Infliction of Emotional Distress-

94.     Plaintiff incorporates by reference and realleges each and every allegation stated in

Paragraphs 1 through 93.

95.     At all times mentioned herein, Defendants' conduct was intentional, extreme and

outrageous.

96.     As a direct and proximate result of the unconstitutional acts described, the Plaintiff has

suffered severe emotional distress.


## AS AND FOR THE EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## AGAINST ALL NAMED NYPD DEFENDANTS

### -Negligent Hiring, Retention, and Supervision-

97.     Plaintiff incorporates by reference and realleges each and every allegation stated in

Paragraphs 1 through 96.

98.    At all times relevant, Defendants, including Supervisor(s) Doe, were negligent, careless, and reckless in hiring, retaining, supervising, and promoting as and for their employees, in that said officers, as employees of the City of New York, were not qualified to be hired or retained or promoted as police officers, lacked the experience, deportment, skill, training, and ability to be employed by the Defendant City of New York; to be retained as employees of the City of New York; and to be utilized in the manner that each was employed on the day in question.

99.    At all times relevant, Defendants, including Supervisor(s) "Doe," failed to exercise due care and caution in hiring, retaining, and/or promoting practices; Defendants failed to adequately investigate police officers' backgrounds; adequately screen and test the Defendant police officers; failed to adequately monitor or supervise the Defendant police officers; failed to properly discipline officers who violate Patrol Guidelines; failed to properly train and retrain the Defendant police officers; and the Defendant City of New York, its' agents, servants, and/or employees, were otherwise careless, negligent, and reckless.

100.    The aforesaid occurrence, to wit: wrongfully arresting the Plaintiff absent probable cause; failing to intervene when the Plaintiff's rights were plainly being violated, engaging in conspiracy to carry out unconstitutional actions resulting in injuries to the Plaintiff, were caused wholly and solely by reason of the negligence or deliberate indifference of the named NYPD Defendants without any negligence on the part of the Plaintiff contributing thereto.

101.    That by reason of the aforesaid, Plaintiff has been substantially damaged.


## DEMAND FOR PUNITIVE DAMAGES


102.    The actions of Defendants described herein were extreme and outrageous, and shock the conscious of a reasonable person. Consequently, an award of punitive damages is appropriate to

16

punish the Defendants for their cruel and uncivilized conduct. The Plaintiffs do not seek punitive damages against the City of New York.

## DEMAND FOR TRIAL BY JURY

103.    The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Tyisha Sivels requests that this Honorable Court grant her the following relief:

A.  A judgment in favor of Plaintiff against all Defendants for compensatory damages in an amount to be determined by a properly charged jury.

B.  A judgment in favor of Plaintiff against all Defendants but the City of New York for punitive damages in an amount to be determined by a properly charged jury;

C.  A monetary award for attorneys fees and costs of this action, pursuant to 42 U.S.C. § 1988;

D.  Any other relief this Court finds to be just, proper, and equitable.


Dated: New York, New York            Respectfully Submitted By:
         September 2⁄ , 2014

Andrew L. Hoffman, Esq. (AH2961)
Law Office of Andrew L. Hoffman, P.C.
*Attorneys for the Plaintiff*
261 Madison Avenue, 12 Floor
New York, NY 10016
T: (212) 736-3935
E: ahoffman@andrewhoffmanlaw.com

17